UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODNEY S. PERRY, SR.,

    Plaintiff,

    v.   CAUSE NO. 3:22-CV-308-RLM-MGG

RON NEAL, et al.,

    Defendants.

OPINION AND ORDER

Rodney S. Perry, Sr., a prisoner without a lawyer, filed an amended complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Perry alleges that he was transferred from Pendleton Correctional Facility to Indiana State Prison on December 15, 2021, pursuant to the terms of a settlement agreement. At that time, he had served all disciplinary segregation or other restrictive status related to disciplinary offenses. A Pendleton counselor recommended that Mr. Perry be transferred to a security level two facility, but

classification personnel recommended he stay at security level three even though he met the requirements for security level two.

On December 29, 2021, Ron Neal, Mark Newkirk, and Debra Abrams had Mr. Mr. Perry placed in D-cell house administrative segregation unit based on past conduct reports for which he had already satisfied all sanctions while at Pendleton Correctional Facility. Mr. Perry believes this decision was made to retaliate against him on behalf of Pendleton Correctional Facility Warden Dennis Reagle, because Mr. Perry filed grievances and lawsuits while at Pendleton Correctional Facility and assisted other inmates in filing grievances and lawsuits.

The Constitution doesn't create a due process liberty interest in avoiding transfer within a correctional facility or remaining in the general prison population. *See* Wilkinson v. Austin, 545 U.S. 209, 222 (2005); Sandin v. Conner, 515 U.S. 472 (1995). An inmate is entitled to due process protections only when the more restrictive conditions pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. at 484. After Sandin, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g.,* Townsend v. Fuchs, 522 F.3d 765, 766 (7th Cir. 2008); Lekas v. Briley, 405 F.3d 602, 608-09 (7th Cir. 2005). Placement in long-term segregation approaching a year or more can implicate a liberty interest, requiring further inquiry into whether the conditions of confinement impose an atypical, significant hardship. *See* Marion v. Columbia Corr. Inst., 559

2

F.3d 693, 698-99 (7th Cir. 2009) (determination of whether 240 days in segregation imposed an atypical, significant hardship could not be made at the pleading stage). *See also* Atwater v. Nickels, No. 21-2510, 2022 WL 1468698, at *1 (7th Cir. May 10, 2022) (citing Marion v. Columbia Correctional, 559 F.3d at 694-98). How long Mr. Perry was in segregation before his transfer to Indiana State Prison is unclear, but he's been in segregation at Indiana State Prison for about six months, assuming he has remained in segregation after filing his amended complaint. Furthermore, while he claims the conditions are harsh and inhumane, he doesn't explain how they are materially different than the conditions in the general population. Mr. Perry hasn't stated a due process claim on which relief can be granted.

Mr. Perry's allegations that he was retaliated against fare no better. "To prevail on his First Amendment retaliation claim, [Mr. Perry] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." Gomez v. Randle, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Perry has alleged no facts from which it can be plausibly inferred that his filing of grievances and lawsuits while at Pendleton Correctional Facility motivated Ron Neal, Mark Newkirk, and Debra Abrams to place him in segregation.

Finally, Mr. Perry alleges that he was deprived of constitutional conditions of confinement while in segregation. Mr. Perry claims that he was denied cleaning

3

supplies, there was excrement in and around the rim of his toilet, and there was a leak in the plumbing coming through the back wall of his cell. He further alleges that there was an infestation of mice and roaches.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). A court evaluating an Eighth Amendment claim conducts both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also* Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (when

4

inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

It can't be plausibly inferred that Ron Neal, Mark Newkirk, or Debra Abrams either knew that the specific cell Mr. Perry was assigned to was unclean or that there was a leak. Nor can it be plausibly inferred that the defendants knew that Mr. Perry's cell wouldn't be cleaned and he wouldn't be provided with cleaning supplies to clean it himself. Defendants can't be held liable under 42 U.S.C. § 1983 simply because they employed or supervised a constitutional wrongdoer. *See* Burks v. Raemisch, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Mr. Perry does allege that the defendants were aware of the mice and roach infestation prior to assigning Mr. Perry to the segregation unit. Prolonged exposure to infestations of mice and roaches can amount to an Eighth Amendment violation. *See* Davis v. Williams, 216 F.Supp.3d 900, 907-908 (N.D. Ill. 2016). But Mr. Perry provides little detail about the magnitude of the infestation or how long it has persisted, although he does state that he suffered from a mouse bite. *See e.g.* Smith v. Dart, 803 F.3d 304, 312 (7th Cir. 2015) (inmate failed to state a claim when he alleged the jail was infested with mice and cockroaches but did not provide sufficient details which "left [the court] in the dark as to how extensive the infestations are and how the pests affect him"). It can't be plausibly inferred from the facts alleged in the complaint that the defendants were deliberately indifferent to the problem.

5

This complaint doesn't state a claim for which relief can be granted. Mr. Perry may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

Mr. Perry has also filed an unsigned "Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings." In it, he asks the court to proceed with screening his case even though he can't pay the entire amount of the initial partial filing fee assessed by the court. Mr. Perry has already been granted *in forma pauperis* status (ECF 8), and the court has now screened his amended complaint. Accordingly, the motion will be denied as moot.

Finally, after Mr. Perry filed his amended complaint, he filed an 11-page declaration with 69 pages of exhibits. ECF 13. It's not clear what Mr. Perry is trying to do with this filing. There are no motions or proceedings before the court requiring an evidentiary submission. To the extent he is attempting to amend or supplement his complaint, this is improper. N.D. Ind. L.R. 15-1 requires that any amendment to a pleading "reproduce the entire pleading as amended" and prohibits "incorporat[ing]

6

any prior pleading by reference." Thus, the court considered neither the declaration nor the attached exhibits in evaluating Mr. Perry's amended complaint.

For these reasons, the court:

(1) DENIES AS MOOT the Second Motion for Leave to Proceed in forma pauperis without prepaying the initial partial filing fee and directing further proceedings" (ECF 10);

(2) GRANTS Rodney S. Perry, Sr., until **July 15, 2022**, to file a second amended complaint; and

(3) CAUTIONS Rodney S. Perry, Sr., that, if he does not respond by July 15, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on June 21, 2022

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
